# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WORK, ADMINISTRATOR FOR THE ESTATE OF HEATHER ELLEN WORK,<br><br>Plaintiff,<br><br>v.<br><br>EXCELA HEALTH, T/D/B/A FRICK HOSPITAL,<br><br>Defendant. | Civil Action<br><br>No. 2:14-cv-00398-MBC |

## STIPULATION AND PROTECTIVE ORDER

Plaintiff, Michael Work, Administrator for the Estate of Heather Ellen Work, and Defendant, Excela Health, t/d/b/a Frick Hospital, through their respective undersigned counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the following Protective Order.

1. All documents or other information produced or provided by the parties in the course of discovery in this action including, but not limited to, designated deposition testimony and exhibits, interrogatory responses, responses to requests for admissions, responses to demands for inspection, documents produced by the parties in the above-captioned action and any information obtained therefrom ("Protected Information"), shall be subject to this Protective Order upon either party's good faith designation of such Protected Information as "Confidential."

2. This Protective Order shall apply, for example, to Protected Information produced and/or disclosed by either party including, but not necessarily limited to, documents produced in response to either party's requests for production of documents as well as interrogatories served on either party.

3. The disclosure of Protected Information marked and/or designated as "Confidential" shall be limited to (a) the attorneys (and their staff and contractors) and parties involved in the litigation of this matter; (b) stenographic or court reporters involved in the

1990989

transcription of testimony in this action; (c) witnesses at deposition or trial; and (d) Defendant's insurance carrier. The Protected Information covered by this Order shall be utilized by the parties solely in their preparation for and the trial of this action and for no other purpose.

4. Any person who is to obtain access to Protected Information pursuant to paragraph 3 (other than the parties and their attorneys) shall, prior to receipt of such confidential documents or information (a) be informed by the party providing access to such Protected Information of the terms of this Order; (b) agree in writing to be bound by the terms of this Order; and (c) submit to the authority of this Court for enforcement of this Order.

5. The contents of the Protected Information subject to this Protective Order may be referred to in pleadings, briefs or memoranda filed with the Court, or in depositions conducted in this case, and the Protected Information may be made exhibits to such pleadings, briefs or memoranda. In the event a party includes or refers to Protected Information in any pleading, motion or paper filed with the Court, that party shall seek the Court's permission to file the pleading, motion or paper (including all confidential documents and information) under seal in accordance with the Court's procedures. Accordingly, the party seeking to file any pleading, motion or paper with the Court including or referring to Protected Information must first obtain prior leave of Court for each document that is requested to be filed under seal. Such party may serve and provide courtesy copies to the Court of such material prior to a ruling regarding the materials being filed under seal. Service of such papers shall constitute filing of such papers until the Court rules on the request for the materials to be filed under seal.

6. No further disclosure shall be permitted without the Order of this Court.

7. Nothing herein shall affect or inhibit the right of any party to admit into evidence at trial any information or document protected herein, or to object to the admission into evidence of any such information or documents.

8. At the conclusion of this case, including appeal(s), if any, the parties and their attorneys of record shall promptly return to the respective parties' counsel all Protected Information produced by the respective party, including all copies thereof. No party shall have,

because of this Order, any obligation to return materials which it possessed prior to the initiation of this lawsuit.

        9.     It is ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

        10.    This Protective Order shall not apply to any document that is a matter of public record.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| SAMUEL J. CORDES & ASSOCIATES | COHEN & GRIGSBY, P.C. |
| By: /s/ Samuel J. Cordes<br>Samuel J. Cordes<br>PA I.D. No. 54874<br><br>245 Fort Pitt Boulevard<br>Pittsburgh, PA 15222<br>412-281-7991<br><br>*Counsel for Plaintiff, Michael Work, Administrator for the Estate of Heather Ellen Work* | By: /s/ Marie I. Rivera-Johnson<br>James B. Brown<br>PA I.D. No. 00436<br>jbrown@cohenlaw.com<br>Jennifer S. Park<br>PA I.D. No. 87733<br>jpark@cohenlaw.com<br>Marie I. Rivera-Johnson<br>PA I.D. No. 201467<br>mriverajohnson@cohenlaw.com<br><br>625 Liberty Avenue<br>Pittsburgh, PA 15222-3152<br>412-297-4900<br>412-209-0672 (fax)<br>*Counsel for Defendant, Excela Health, t/d/b/a Frick Hospital* |

Dated: August 4, 2014

        IT IS SO ORDERED, this ___5th___ day of August, 2014.

                                                             /s/ Maurice B. Cohill Jr.
                                                              Honorable Maurice B. Cohill, Jr.